UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS AIELLOS, JOSEPH INGLIMA, DONALD PIERCE, SCOTT SYBEL, ANTHONY DUARDO, RALPH CAVALLO, and VINCENT RIOTTO,<br><br>Plaintiffs,<br><br>v.<br><br>CHIEF C. KENNETH ZISA, JOSEPH ZISA, TOMAS PADILLA, KEVIN TOOMEY, ANTHONY TREZZA, PHILLIP CARROLL, CAPTAIN THOMAS SALCEDO, CITY OF HACKENSACK, and SERGEANT TIMOTHY LLOYD,<br><br>Defendants. | Civil Action Number: 09-3076<br><br><br>ORDER<br><br>HON. WILLIAM J. MARTINI |

**ORDER**

    **THIS MATTER** comes before the Court on Plaintiffs' letter application, (Doc. No. 42), seeking to strike Defendant Chief of Police Zisa's Reply Brief, which was filed out of time by nearly two weeks. *See* Zisa Reply Br., (Doc. No. 40). Zisa filed a letter opposition to Plaintiffs' application, (Doc. No. 43), and Plaintiffs filed a letter in reply, (Doc. No. 44). The parties do not dispute that Zisa's Reply Brief was not filed timely. (Doc. No. 43.) In these circumstances, the Court urges the parties to scrupulously adhere to the Federal rules,

including this district's local rules. Further late filings by Zisa may be met with sanctions. Notwithstanding the Court's admonition and the undoubted lateness of Zisa's Reply Brief, the Court will **DENY** Plaintiffs' letter application.

Plaintiffs' application cites no federal statute, rule (including local rule), case, or policy mandating striking a late brief as an appropriate sanction in these (or any) circumstances. To the extent that striking a late brief is a matter of judicial discretion, the Court, for the following reasons, will not exercise its discretion. *First*, there is no indication that Zisa's lateness was in bad faith or an intentional effort to gain unfair advantage. *Second*, there is no history or pattern of lateness or other dilatory action by Zisa in this action. *Third*, the proposed sanction is extreme. *Fourth*, the arguments made in the Zisa Reply Brief are largely coextensive with arguments already (timely) filed with the Court in other briefs in this matter. And, *fifth*, and most importantly, Plaintiffs were not prejudiced by Zisa's late filing.

Plaintiffs argue that, in fact, they were prejudiced. *First*, Plaintiffs argue that the Reply Brief "sets forth additional defenses not initially raised in defendants' Motion to Dismiss." (Doc. No. 44 at 2.) It is hornbook law that arguments raised for the first time in a reply brief are waived; although, it is better practice for a party seeking waiver to expressly identify such arguments. *See Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir. 2000). Still waiver in such circumstances can be accomplished surgically, argument-by-argument, without striking an entire brief, including arguments which quite properly further develop positions appearing in the movant's opening brief. *Second*, Plaintiffs argue that Zisa gained an "unfair

advantage" by the fact that Zisa had additional time to develop his arguments in the Reply Brief. An advantage, as in "unfair" advantage, would result, for example, if Zisa's action raised the cost to or prevented Plaintiffs from making a further response or preparing for oral argument. No oral argument is set on this matter and no further briefing follows (or should follow) Zisa's Reply Brief. If anything, Zisa disadvantaged himself by his late filing, which, gives the Court less time to consider his arguments before reaching a final decision on this motion. An advantage is not "unfair" merely because it damages an opponent's cause; rather, it must work some unfairness beyond that damage. *Cf. United States v. Starnes*, C.A. Nos. 07-3341, 08-1691, --- F.3d ----, 2009 WL 3030368, at *12 (3d Cir. Sept. 24, 2009) ("[U]nfair prejudice does not simply mean damage to the opponent's cause."); *Srivastava v. Trustees of Indiana Univ.*, C.A. No. 99-3272, 2000 WL 975172, at *3 (7th Cir. July 11, 2000) (NOT PRECEDENTIAL) (rejecting the position that a late-filed motion for attorneys' fees prejudiced the party opposing the fees).

Having considered the parties' filings and relevant law,

**IT IS** on this 20th day of October, 2009, hereby,

**ORDERED** that Plaintiffs' letter application seeking to strike the Zisa Reply Brief is **DENIED**.

                                                    s/ William J. Martini
                                                    **William J. Martini, U.S.D.J.**