# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS AIELLOS, JOSEPH INGLIMA, DONALD PIERCE, SCOTT SYBEL, ANTHONY DUARDO, RALPH CAVALLO, and VINCENT RIOTTO, | Civil Action Number: 2:09-3076 |
| Plaintiffs, | |
| v. | OPINION |
| CHIEF C. KENNETH ZISA, JOSEPH ZISA, TOMAS PADILLA, KEVIN TOOMEY, ANTHONY TREZZA, PHILLIP CARROLL, CAPTAIN THOMAS SALCEDO, CITY OF HACKENSACK, and SERGEANT TIMOTHY LLOYD, | HON. WILLIAM J. MARTINI |
| Defendants. | |

## MEMORANDUM OPINION[1]

### I.    INTRODUCTION

On June 24, 2009, Plaintiffs, current and former officers of the Hackensack Police

Department ("HPD"), filed an eleven-count civil rights action against Defendant HPD Chief

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein may be inserted. No endorsement of any provider of electronic or other resources is intended by the Court's practice of using hyperlinks.

of Police, C. Kenneth Zisa, and others, alleging that the Defendants violated their constitutional rights. (Doc. No. 1.) On August 3, 2009, Plaintiffs filed a more detailed twelve-count Amended Complaint, (Doc. No. 9), which has since become the operative complaint by order of the Court, (Doc. No. 19).

Defendant Tomas Padilla's filed a motion to dismiss, (Doc. No. 3), which although filed prior to the Amended Complaint, addressed the Amended Complaint through supplemental briefing. Padilla's motion to dismiss was fully briefed. Of the twelve counts in the Amended Complaint, only four were litigated in Padilla's motion to dismiss. The Court ruled on Padilla's motion to dismiss, (Doc. No. 47 (opinion) & Doc. No. 48 (order)), granting in part, and denying in part the relief sought. Among other relief granted, the Court dismissed Count II--the Section 1962(b) RICO count.

Presently before the Court is Plaintiffs' letter motion (the "Motion") for reconsideration, which seeks reconsideration in regard to the dismissed RICO count. (Doc. No. 55.)

Having considered the Plaintiffs' reconsideration filings, this Court's prior opinion and order, federal and state constitutional and statutory law, case law, and persuasive scholarly authority, the Court, for the reasons elaborated below, will **DENY** the motion for reconsideration.

## II.     FACTUAL BACKGROUND ALLEGED IN THE AMENDED COMPLAINT

The gravamen of the Amended Complaint is that the Hackensack Chief of Police, Defendant Zisa, in conjunction with Defendant Captain Padilla, (the movant of the motion to dismiss), and other Defendants engaged in a pattern of extortion, against other HPD officers, i.e., Plaintiffs, seeking, among other things, political donations to further Zisa and Padilla's political career and the political career of those allied with them, including candidates for office within the Policemen's Benevolent Association ("PBA") of Hackensack. It is further alleged that those who were not allied with Zisa and Padilla, including those officers who refused to donate to their political campaigns, were subject to retaliation and threats of retaliation in violation of Plaintiffs' First Amendment free speech and freedom of association rights. Thereafter, Plaintiffs filed a complaint, subsequently superseded by the Amended Complaint, and Defendant Padilla brought a motion to dismiss, subsequently ruled on. That ruling is now contested in the motion to reconsider being litigated here. For further particulars see this Court's prior memorandum opinion. (Doc. No. 47.)

## III.     STANDARD OF REVIEW

A motion to reconsider is brought pursuant to N.J. L.R. 7.1(i) ("A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion."). To prevail on a motion for

reconsideration, a litigant must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café* ex rel. *Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## IV.    ANALYSIS

Count II of the Amended Complaint brings a cause of action against Padilla under Section 1962(b) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Pub. L. 91-452, 84 Stat. 941, *as amended*, 18 U.S.C. §§ 1961-1968. Section 1962(b) provides:

> It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

The Third Circuit has explained that in order to establish liability under Section 1962(b):

> [A] plaintiff must show injury from the defendant's *acquisition or control of an interest in a RICO enterprise, in addition to injury from the predicate acts*. Such an injury may be shown, for example, where the owner of an enterprise infiltrated by the defendant as a result of racketeering activities is injured by the defendant's acquisition or control of his enterprise. In addition, the plaintiff must establish that the interest or control of the RICO enterprise by the person is as a result of racketeering. It is not enough for the plaintiff merely to show that a person engaged in racketeering has an otherwise legitimate interest in an enterprise. Rather, it must be established firmly that there is a nexus between the interest and the alleged racketeering activities.

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1190 (3d Cir. 1993) (citations and quotation marks omitted) (emphasis added); Supp. Opening Br. 9-10 (quoting *Lightning*

4

*Lube*, *supra*), (Doc. No. 26); Supp. Opp'n Br. 4 (same), (Doc. No. 29).

The gravamen of the Amended Complaint is that Defendants Zisa, Padilla, and others engaged in a pattern of extortion, in conjunction with threats of retaliation, to maintain control of the office of Hackensack Chief of Police, the purported RICO enterprise. Plaintiffs have alleged that there is a nexus between the pattern of racketeering and Padilla's control (in concert with others) of the enterprise, i.e., Zisa's control of public office made it possible for him to engage in the alleged extortion and the monies extorted maintained his (and their) control of that and other elective office. But the nexus requirement is separate from the injury requirement.

As this Court explained in its prior opinion, Plaintiffs have failed to articulate any injury that they suffered in consequence of Zisa, and Padilla, and others' acquisition or maintenance of control of the RICO enterprise, here a government office, apart from the pattern of racketeering itself. Under *Lightning Lube*, it appears that absent "acquisition or maintenance injury," apart from injury connected to the predicate acts or pattern of racketeering activity, Plaintiffs cannot proceed on a theory of RICO liability. DAVID B. SMITH & TERRANCE G. REED, CIVIL RICO ¶ 6.04[6][b], at 6-141 (2009); *see also Lightning Lube*, 4 F.3d at 1191 ("[A] well-pled complaint under section 1962(b) ... requires the assertion of an injury independent from that caused by the pattern of racketeering.").

Plaintiffs' Motion does not assert any intervening change in controlling law or the availability of new evidence. Plaintiffs do not assert manifest injustice. Plaintiffs' Motion

appears to be no more than an attempt to reargue what has already been rejected based on Plaintiffs' prior briefing on the theory of a purported clear error of law or fact. The Court sees no such error, clear or otherwise. Plaintiffs state: "The first type of [acquisition or control] injury stems from Defendants' total control of the office of Chief of Police, where any subordinate officer who refused to support Defendants' in their accrual and maintenance of this control, was targeted for retaliation and workplace reprisals, which resulted in monetary damages, specifically forced retirement and suspensions, which causes plaintiffs to incur monetary loss." (Doc. No. 55 at 3.) Such claims do not amount to acquisition or control injury sufficient to confer Section 1962(b) standing.

Why? As this Court understands it, *Lightning Lube* stands for the proposition that a plaintiff asserting a cause of action under Section 1962(b) and alleging only that defendants' control or acquisition of a RICO enterprise made possible predicate acts and other wrongdoing, including retaliation, extortion, and threats of retaliation and extortion, has not stated a cause of action under Section 1962(b). Rather a plaintiff asserting a Section 1962(b) cause of action must argue, apart from the predicate acts, that the plaintiff was actually injured by defendants' *mere* acquisition or control of the RICO enterprise in and of itself. Plaintiffs here are only alleging that Defendants' control makes possible the extortion, retaliation, and threats which has injured them, not that Defendants' maintenance of control of the RICO enterprise itself has injured them. Therefore, for the reasons elaborated above and for the reasons elaborated in this Court's prior memorandum opinion, (Doc. No. 47), the

Motion fails.


**V.      CONCLUSION**

For the reasons elaborated above, the Court **DENIES** Plaintiffs' motion for reconsideration. (Doc. No. 55.)

An appropriate Order accompanies this memorandum opinion.


s/ William J. Martini

**William J. Martini, U.S.D.J.**

DATE: November 2, 2009