# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS AIELLOS, JOSEPH INGLIMA, DONALD PIERCE, SCOTT SYBEL, ANTHONY DUARDO, RALPH CAVALLO, and VINCENT RIOTTO, | Civil Action Number: 2:09-3076 |
| **Plaintiffs,** | |
| v. | **OPINION** |
| CHIEF C. KENNETH ZISA, JOSEPH ZISA, TOMAS PADILLA, KEVIN TOOMEY, ANTHONY TREZZA, PHILLIP CARROLL, CAPTAIN THOMAS SALCEDO, CITY OF HACKENSACK, and SERGEANT TIMOTHY LLOYD, | HON. WILLIAM J. MARTINI |
| **Defendants.** | |

## MEMORANDUM OPINION[1]

## I.    INTRODUCTION

On June 24, 2009, Plaintiffs, current and former officers of the Hackensack Police Department ("HPD"), filed an eleven-count civil rights action against Defendant HPD Chief of Police, C. Kenneth Zisa, and others, including the City of Hackensack, alleging that the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein may be inserted. No endorsement of any provider of electronic or other resources is intended by the Court's practice of using hyperlinks.

Defendants violated their constitutional rights. (Doc. No. 1.) On August 3, 2009, Plaintiffs filed a more detailed twelve-count Amended Complaint, (Doc. No. 9), which has since become the operative complaint by order of the Court, (Doc. No. 19).

This Court has already had occasion to rule on Tomas Padilla's motion to dismiss. *See* Doc. No. 3 (motion and opening brief); Doc. No. 26 (supplemental opening brief in light of amended complaint); Doc. No. 47 (opinion granting in part and denying in part Padilla's motion, and dismissing RICO count); Doc. No. 56 (opinion denying reconsideration).[2]

Presently before the Court is Defendant C. Kenneth Zisa's (the "Defendant") motion to dismiss pursuant to Rule 12(b)(6) (the "Motion"). (Doc. No. 24.) The Motion is fully briefed. *See* Doc. No. 24-6 (the "Opening Brief"); Doc. No. 31-2 (the "Opposition Brief"); Doc. No. 40-1 (the "Reply Brief").[3]

Two Counts of the twelve count Amended Complaint, Counts V and VIII, were not brought against Defendant. Defendant C. Kenneth Zisa seeks dismissal of eight of the

---

[2] *See also* Defendant Captain Thomas Salcedo's motion to dismiss pursuant to Rule 12(b)(6), (Doc. No. 30); Salcedo Opening Brief, (Doc. No. 30-1); Plaintiffs' Opposition Brief to Salcedo's Opening Brief, (Doc. No. 45); Salcedo Reply Brief, (Doc. No. 49); Defendant Phillip Carroll's motion to dismiss pursuant to Rule 12(b)(6), (Doc. No. 25.); Carroll Opening Brief, (Doc. No. 25-2); Plaintiffs' Opposition Brief to Carroll's Opening Brief, (Doc. No. 32-2); Carroll Reply Brief, (Doc. No. 37-2). Although not yet docketed, this Court has granted Defendants' Salcedo and Carroll relief in a two orders and two memoranda opinions, and terminated each of these two defendants from this suit.

[3] The C. Kenneth Zisa's Reply Brief was filed out-of-time. (Doc. No. 40-1.) Defendants objected to the filing. *See* Doc. No. 42 (Plaintiffs' letter application objecting to late filing); Doc. No. 43 (C. Kenneth Zisa's opposition); Doc. No. 44 (letter reply); Doc. No. 46 (order denying application).

remaining ten counts, i.e., all but Counts X and XI. Thus, even if Defendant C. Kenneth Zisa were to prevail on this Motion, he will not be dismissed from this action as Counts X and XI will go forward.

For the reasons explained below, the Court will dismiss Counts II, VI, VII, and XII. The Court will not dismiss Count I – the Section 1983 civil rights claim, nor will the Court dismiss Count III – alleging a cause of action under the (federal) Racketeer Influenced and Corrupt Organizations Act, nor will the Court dismiss Count IV – alleging a common law civil conspiracy cause of action, nor will the Court dismiss Count IX – alleging a cause of action under Conscientious Employee Protection Act.

Having considered the parties' filings, federal and state constitutional law, statutory law, and common law, the federal rules, case law, and persuasive scholarly authority, the Court, for the reasons elaborated below, will **GRANT** Defendant C. Kenneth Zisa's motion in part, and will dismiss Counts II, VI, VII, and XII. All other relief is **DENIED**.

## II.    FACTUAL BACKGROUND ALLEGED IN THE AMENDED COMPLAINT[4]

---

[4] For a fuller development of the allegations, procedural posture, and the law of this case, the Court refers the parties and others to this Court's prior orders and memoranda opinions. *See, e.g.*, Doc. No. 47; Doc. No. 54; Doc. No. 56, and the filings associated with Defendant Captain Thomas Salcedo's motion to dismiss, and Defendant Phillip Carroll's motion to dismiss, including the orders and memoranda opinions granting Salcedo and Carroll the relief each sought and terminating each of them from this suit. *See supra* note 2; *see also supra* note 3 (discussing briefing and this Court's order in regard to litigation over C. Kenneth Zisa's reply brief, which was filed out-of-time).

The gravamen of the Amended Complaint is that the Hackensack Chief of Police, Defendant C. Kenneth Zisa and Defendant Captain Padilla, and other defendants, engaged in a pattern of extortion, against other HPD officers, i.e., Plaintiffs, seeking, among other things, political donations to further C. Kenneth Zisa and Padilla's political career and the political career of those allied with them, including candidates for office within the Policemen's Benevolent Association ("PBA") of Hackensack. It is further alleged that those who were not allied with C. Kenneth Zisa and Padilla, including those officers who refused to donate to their political campaigns, were subject to retaliation and threats of retaliation in violation of Plaintiffs' First Amendment free speech and freedom of association rights. Thereafter, Plaintiffs filed a complaint, subsequently superseded by the Amended Complaint, and, afterwards, Defendant C. Kenneth Zisa brought the instant motion to dismiss. (Doc. No. 24.)

## III.   STANDARD OF REVIEW

The Defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief

that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Generally, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20

5

F.3d 1250, 1261 (3d Cir. 1994).

## IV.   ANALYSIS

It appears that two counts of the twelve count Amended Complaint, Counts V and VIII, were not brought against Defendant C. Kenneth Zisa. Defendant's Motion seeks dismissal of eight of the remaining ten counts, i.e., all but Counts X and XI. In other words, C. Kenneth Zisa seeks dismissal of Counts I, II, III, IV, VI, VII, IX, and XII. The Motion argues on a variety of grounds that each count should be dismissed against the Defendant. This opinion addresses each of Defendant's contentions in turn.

### A.   COUNT I – SECTION 1983 FIRST AMENDMENT VIOLATIONS

Count I of the Amended Complaint alleges that Defendant violated Plaintiffs' First Amendment free speech and freedom of association rights, as secured by the Fourteenth Amendment and by Section 1983.[5] (Doc. No. 9.) Plaintiffs argue that Defendant chilled their free speech (and free association rights) and retaliated against them for exercising those rights. Defendant argues that speech related to the PBA delegate election does not involve a matter of "public concern" and so is not protected under our First Amendment

---

[5] Plaintiffs also allege that Defendant misappropriated funds and breached his fiduciary duty in regard to PBA Local 9 and Fraternal Order of Police Lodge 16 funds. *See* Amend. Compl. ¶¶ 315-18. But these allegations do not specifically relate to Plaintiffs' Section 1983 First Amendment claim in Count I. Indeed, assuming these allegations to be true, the injured parties would appear to be the named organizations, not the Plaintiffs in their individual capacities.

jurisprudence. *See Connick v. Myers*, 461 U.S. 138 (1983); *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968). In *Gaj v. United States*, 800 F.2d 64 (3d Cir. 1986), the Third Circuit explained:

> In *Connick v. Meyers*, 461 U.S. 138, 103 S. Ct. 1684 (1983), the Supreme Court held that:
>
> > when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior.
>
> *Id*. at 147, 103 S. Ct. at 1690. The Court stressed that a careful factual inquiry must be made. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id*. at 147-48, 103 S. Ct. at 1690. Gaj's complaints concerned the noise level and conveyor belt maintenance. While in some instances such complaints might comprise criticisms of the safety policies of the Postal Service and therefore rise to the level of public concern, that is not the situation here. Rather, Gaj was merely expressing himself as an employee dissatisfied with his own conditions of employment. He stated in his affidavit: "These ... safety complaints were not made to protect the interest of other employees but were made to protect myself." The record as a whole reveals that Gaj "did not seek to inform the public that the [Postal Service] was not discharging its governmental responsibilities ... nor ... seek to bring to light actual or potential wrongdoing or breach of public trust." *Connick*, 461 U.S. at 148, 103 S. Ct. at 1691.

*Gaj*, 800 F.2d at 67. In other words, "[t]o sustain [their] burden, Plaintiffs must show that they spoke primarily in their roles as a citizen on a matter of public concern, rather than as an employee addressing matters of only personal interest." *Fiesel v. Cherry*, 294 F.3d 664, 668 (5th Cir.2002).The Court is of the view that the allegations of the Amended Complaint,

including those relating to the PBA delegate election, meet this standard. In *Gaj*, the plaintiff argued that retaliation arose in consequence of the exercise of First Amendment rights related to his personal workplace safety conditions. Not so here. In this litigation, Plaintiffs allege that C. Kenneth Zisa and others retaliated and threatened to retaliate in consequence of Plaintiffs' exercise of free speech and freedom association rights related both to elections to public office and to elections within the (private) Policemen's Benevolent Association of Hackensack. The gravamen of the claim is that Defendants (including Defendant C. Kenneth Zisa) were attempting to coerce Plaintiffs (before-the-fact) and to punish or retaliate against Plaintiffs (after-the-fact[6]) in consequence of Plaintiffs' exercising their First Amendment rights. It seems equally clear that the exercise of free speech and free association rights, relating to elections, are matters of public concern.[7] Although speech relating to an election within the PBA does not fall precisely within the core of (protected) political speech, it is even further removed from the (unprotected) speech Gaj sought to protect: speech relating to personal workplace conditions. Elections to the PBA might very well be a matter of public concern in a way that Gaj's personal workplace conditions are not. *See generally Aiellos v. Zisa*, Civil Action No. 2:09-3076, 2009 WL 3424190 (D.N.J. Oct. 20, 2009) (Martini, J.) (denying Defendant Padilla's motion to dismiss Count I on identical grounds),

---

[6] *See, e.g.*, Amend. Compl. ¶ 80 ("These statements were made [by Padilla] to intimidate the Plaintiff in retaliation for Plaintiff [sic] refusing to step down as a candidate for PBA delegate."), (Doc. No. 9).

[7] *See Curinga v. City of Clairton*, 357 F.3d 305, 313 (3d Cir. 2004).

*reconsideration denied*, 2009 WL 361445 (Nov. 2, 2009).

    B.    COUNTS II AND III – RACKETEER INFLUENCED CORRUPT ORGANIZATIONS ACT COUNT

Count II is brought by all Plaintiffs against Defendants C. Kenneth Zisa and Tomas Padilla. Count III is brought exclusively by Plaintiff Sybel against Defendants C. Kenneth Zisa and Joseph Zisa. Both Counts II and III of the Amended Complaint assert a cause of action under Section 1962(b) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Pub. L. 91-452, 84 Stat. 941, *as amended*, 18 U.S.C. §§ 1961-1968. Section 1962(b) provides:

> It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

The Third Circuit has explained that in order to establish liability under Section 1962(b):

> [A] plaintiff must show injury from the defendant's *acquisition or control of an interest in a RICO enterprise, in addition to injury from the predicate acts*. Such an injury may be shown, for example, where the owner of an enterprise infiltrated by the defendant as a result of racketeering activities is injured by the defendant's acquisition or control of his enterprise. In addition, the plaintiff must establish that the interest or control of the RICO enterprise by the person is as a result of racketeering. It is not enough for the plaintiff merely to show that a person engaged in racketeering has an otherwise legitimate interest in an enterprise. Rather, it must be established firmly that there is a nexus between the interest and the alleged racketeering activities.

*Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1190 (3d Cir. 1993) (citations and quotation marks omitted) (emphasis added). Defendant C. Kenneth Zisa argues that Plaintiffs have failed to establish acquisition or control standing.

9

Count II asserts that the office of the Chief of police is the RICO enterprise. Plaintiffs have failed to articulate how they were injured by Zisa's acquisition or control of the enterprise standing alone, that is, apart from the predicate acts of racketeering. For this reason, Count II is dismissed. *See generally Aiellos v. Zisa*, Civil Action No. 2:09-3076, 2009 WL 3424190 (D.N.J. Oct. 20, 2009) (Martini, J.) (granting Defendant Padilla's motion to dismiss Count II on identical grounds), *reconsideration denied*, 2009 WL 3614453 (Nov. 2, 2009).

In Count III, by contrast, Sybel alleges that he and others formed a partnership to develop property, Amended Compl. ¶ 118, and that Defendant C. Kenneth Zisa, communicating with Sybel through a third-party, *id*. ¶ 119, demanded a share of the partnerships proceeds, *id*. Sybel claims that he was threatened and coerced to make Zisa a "part of the partnership," and that Defendant C. Kenneth Zisa ultimately controlled the enterprise at the expense of the original partners. *Id*. ¶¶ 119-21, even to the extent of excluding Sybel and others from participating in the proceeds of the enterprise, *Id*. ¶¶ 122-24. These allegations establish standing under *Lightning Lube*: here it is alleged that the legitimate owners of the partnership (including Sybel by way of example) lost control of their enterprise (the partnership) to the alleged racketeers (Defendant C. Kenneth Zisa), thereby suffering an injury apart from the pattern of racketeering to capture the enterprise and apart wrongdoing committed in consequence of the Defendant's control of the enterprise. Therefore, the Court will not dismiss Count III.

10

C.      COUNTS VI AND VII – NEW JERSEY RICO

Counts VI and VII are New Jersey RICO counts. *See* N.J.S.A. 2C:41-2. Count VII mirrors Count II: it is brought by all Plaintiffs against Defendant C. Kenneth Zisa. Count VI mirrors Count III: it is brought by Plaintiff Sybel against Defendants C. Kenneth Zisa and Joseph Zisa. Defendants have made some, albeit limited argument, for dismissal of the state RICO counts. Plaintiffs' opposition brief has *no* discussion of the state RICO counts; indeed, Plaintiffs failed to expressly respond to Defendant's argument in any meaningful way. For example, Plaintiffs have failed to plead in the Amended Complaint and have failed to explain in their opposition brief if the state RICO counts are asserted under subsections (a), (b), ©, or (d) of N.J.S.A. 2C:41-2. Moreover, Plaintiffs' discussion of the coordinate federal RICO counts nowhere cites any New Jersey case law. Although the matter is not as clear as it could be, Plaintiffs, who are represented by counsel, have apparently waived these particular counts. A throw-away argument left undeveloped is waived. *Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived.").[8]

---

[8] *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), is distinguishable. In *Stackhouse*, the *pro se* litigant failed to file *any* opposition papers responding to defendant's motion to dismiss. The Third Circuit held that, in such circumstances, i.e., where a party failed to file an opposition brief in conformity with local rules, a district court is not permitted dismiss the claim, i.e., plaintiff's complaint, without examining the *Poulis* factors. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). In this action, Plaintiffs are represented by counsel, counsel has responded with opposition papers, and, apparently, has chosen to waive the state RICO claims. Plaintiffs' counsels' failure to respond prevents Defendant from filing a meaningful reply. The adversarial system requires

D.     COUNT IV – CIVIL CONSPIRACY.

Defendant has all of one line explaining why the civil conspiracy count should be dismissed. *See* Opening Brief 17 (arguing that "plaintiffs have failed to allege a conspiracy motivated by racial animus"). This argument might be relevant were Plaintiffs seeking to establish a civil conspiracy under federal civil rights law, but here the allegation is one of civil conspiracy under state law. Defendant has put forward no law, and this Court knows of none, limiting the reach of common law civil conspiracy to grounds motivated in racial animus. *See generally Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."); *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir.2001) (holding that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived).

E.     COUNT IX – CONSCIENTIOUS EMPLOYEE PROTECTION ACT

In Count IX, Lieutenant Vincent Riotto brought a Conscientious Employee Protection Act (a "CEPA") claim against Chief Zisa and Defendant Salcedo. *See* Salcedo Opposition Brief 5 n.1 (clarifying that the claim is asserted under N.J.S.A. 34:19-3(c)(1) ("An employer shall not take any retaliatory action against an employee because the employee does any of the following: c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes: (1) is in violation of a law, or a rule or regulation promulgated pursuant to law ....")). The gravamen of the claim is that Riotto sent a letter to

courts to respect the strategic choices made by parties' counsel.

Zisa. The letter reported that one officer threatened another. The letter alleged that Zisa refused to advance officer Ferraioli and others for personal reasons. Finally, the letter alleged that Captain Thomas Salcedo was not a Hackensack resident when he applied for a position with the HPD. Amend. Compl. ¶¶ 181-87; Opposition Brief 20. Two days later Riotto was interrogated by Lieutenant Heinemann on orders from Deputy Chief Koeser. Amend. Compl. ¶¶ 188-203. Six days later, Riotto was again interrogated, this time by Heinemann and Salcedo. *Id*. ¶¶ 206-210. He was subsequently "presented to Dr. Shievella for a mandatory fitness for duty psychological evaluation." *Id*. ¶ 211. Later, he was interrogated by Salcedo, acting alone. *Id*. ¶¶ 214-15. He was also ordered to take a drug test and to release medical information under threat of discipline, and then suspended 30 days on 62 pending charges, all allegedly ordered by Zisa. *Id*. ¶¶ 216-18. In short, Plaintiffs argue:

> Riotto is able to demonstrate all ... requirements of a CEPA claim. The first element is sufficiently plead in that Riotto reasonably believed that the way Zisa had interfered with other elections and other officers' political careers was 'wrong', and he believed that Zisa was attempting to interfere in the May 2009 PBA election. Riotto was also reasonable in his belief that the officers who had committed fraud in their employment applications had violated a rule or regulation of the Hackensack police department. Secondly, Riotto performed 'whistle-blowing' when he detailed and disclosed these allegations in his letter to Police Chief Zisa. Thirdly, the retaliation [was] taken against him .....

Opening Brief 20.

Defendant's Reply Brief makes the lone argument (apparently conceding the other arguments made in his Opening Brief) that Riotto has failed to identify the "law, rule, or regulation" that Riotto reasonably believed had been violated. Reply Brief 15. As explained,

13

the Amended Complaint alleges that Riotto's letter to Zisa stated that Zisa refused to promote officers for "personal" reasons. Amend. Compl. ¶ 185. The Opening Brief characterizes this allegation as Riotto's objection to C. Kenneth Zisa's "practice of *illegally* preventing the career advancement of employees he disliked *or who had not backed Zisa financially or politically* ...." Opposition Brief 20 (emphasis added). This characterization is somewhat of a recharacterization of the Amended Complaint, but it is broadly consistent with the allegations and tenor of the Amended Complaint. That is, it sufficiently identifies the pattern of alleged Section 1983 violations as the "law" being violated (by Zisa) for the purposes of the CEPA claim.[9]

> F.     COUNT XII – MISAPPROPRIATION OF FUNDS AND BREACH OF FIDUCIARY DUTY

Plaintiffs allege that Defendant C. Kenneth Zisa misappropriated funds (or aided and abetted such misappropriation) and breached his fiduciary duty (or aided and abetted such breaches) in regard to PBA Local 9 and Fraternal Order of Police Lodge 16 funds. At the outset the Court notes that Plaintiffs, qua individuals, do not appear to have standing to assert a cause of action belonging to these organizations. It would seem that a cause of action for misappropriation of funds or breach of fiduciary duty belongs to the organization, not to their members. Members of corporations or unincorporated associations may derivatively assert a claim belonging to the organization, if the members comply with Federal Rule of Civil

---

[9] Arguably Plaintiff Riotto's reporting alleged threats on the life of Officer Ferraioli made by Trezza in Zisa's name also fall under the rubric of an objection to a violation of "law."

Procedure 23.1. Plaintiffs do not claim that they complied; indeed, they have claimed that their action is not a "derivative action" at all. Opposition Brief 8. This somewhat puzzling response would seem to defeat their claim. Instead, Plaintiffs argue that the two causes of action in Count XII support their Racketeer Influenced Corrupt Organizations Act ("RICO") claims in Counts II (i.e., the federal RICO claim connected to Zisa's political activities). This would appear to be a waiver of Count XII as an independent count or claim. Additionally, the Court again notes that Plaintiffs lack standing to assert a RICO claim as alleged in Count II. *See Aiellos v. Zisa*, Civil Action No. 2:09-3076, 2009 WL 3424190 (D.N.J. Oct. 20, 2009), *reconsideration denied*, 2009 WL 3614453 (Nov. 2, 2009).

V.    **CONCLUSION**

For the reasons elaborated above, the Court **GRANTS** Defendant Zisa's Motion in part, and dismisses Counts II, VI, VII, and XII. All other relief is **DENIED**.

The Court notes that Counts V and VIII were not brought against Defendant C. Kenneth Zisa, and this action will continue with respect to C. Kenneth Zisa in regard to Counts I, III, IV, IX, X, and XI.

An appropriate Order accompanies this memorandum opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

DATE: February 2, 2010

15