UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS AIELLOS, JOSEPH INGLIMA, DONALD PIERCE, SCOTT SYBEL, ANTHONY DUARDO, RALPH CAVALLO, and VINCENT RIOTTO,<br><br>    Plaintiffs,<br><br>v.<br><br>CHIEF C. KENNETH ZISA, JOSEPH ZISA, TOMAS PADILLA, KEVIN TOOMEY, ANTHONY TREZZA, PHILLIP CARROLL, CAPTAIN THOMAS SALCEDO, CITY OF HACKENSACK, and SERGEANT TIMOTHY LLOYD,<br><br>    Defendants. | Civil Action Number: 2:09-3076<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**MEMORANDUM OPINION**[1]

I.   **INTRODUCTION**

On June 24, 2009, Plaintiffs, current and former officers of the Hackensack Police Department ("HPD"), filed an eleven-count civil rights action against Defendant HPD Chief of Police, C. Kenneth Zisa, and others, including the City of Hackensack, alleging that the

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein may be inserted. No endorsement of any provider of electronic or other resources is intended by the Court's practice of using hyperlinks.

Defendants violated their constitutional rights. (Doc. No. 1.) On August 3, 2009, Plaintiffs filed a more detailed twelve-count Amended Complaint, (Doc. No. 9), which has since become the operative complaint by order of the Court, (Doc. No. 19).

This Court has already had occasion to rule on Tomas Padilla's motion to dismiss. *See* Doc. No. 3 (motion and opening brief), Doc. No. 26 (supplemental opening brief in light of amended complaint), Doc. No. 47 (opinion granting in part and denying in part Padilla's motion, and dismissing RICO count), Doc. No. 56 (opinion denying reconsideration).[2]

Presently before the Court is Defendant Phillip Carroll's (the "Defendant") motion to dismiss pursuant to Rule 12(b)(6) (the "Motion"). (Doc. No. 25.) The Motion is fully briefed. *See* Doc. No. 25-2 (the "Opening Brief"); Doc. No. 32-2 (the "Opposition Brief"); Doc. No. 37-2 (the "Reply Brief"). Of the twelve counts in the Amended Complaint, only three are litigated in the Motion, as they appear to be the only causes of action brought against Defendant. They include: (A) Count I – Section 1983 First Amendment Violations; (B) Count IV – Common Law Civil Conspiracy; and (C) Count XII – Misappropriation of Funds and Breach of Fiduciary Duty.

Having considered the parties' filings, federal and state constitutional law, statutory law, and common law, the federal rules, case law, and persuasive scholarly authority, the

---

[2] *See also* Defendant Captain Thomas Salcedo's motion to dismiss pursuant to Rule 12(b)(6), (Doc. No. 30.); Salcedo Opening Brief, (Doc. No. 30-1); Plaintiffs' Opposition Brief to Salcedo's Opening Brief, (Doc. No. 45); Salcedo Reply Brief, (Doc. No. 49). Although not yet docketed, this Court has granted Salcedo relief in an order and memorandum opinion, and terminated him from this suit.

2

Court, for the reasons elaborated below, will **GRANT** Defendant Carroll's motion to dismiss, and will terminate Carroll from this action.

## II.     FACTUAL BACKGROUND ALLEGED IN THE AMENDED COMPLAINT[3]

The gravamen of the Amended Complaint is that the Hackensack Chief of Police, Defendant Zisa and Defendant Captain Padilla, and other defendants, including Defendant Carroll, engaged in a pattern of extortion, against other HPD officers, i.e., Plaintiffs, seeking, among other things, political donations to further Zisa and Padilla's political career and the political career of those allied with them, including candidates for office within the Policemen's Benevolent Association ("PBA") of Hackensack. It is further alleged that those who were not allied with Zisa and Padilla, including those officers who refused to donate to their political campaigns, were subject to retaliation and threats of retaliation in violation of Plaintiffs' First Amendment free speech and freedom of association rights. Thereafter, Plaintiffs filed a complaint, subsequently superseded by the Amended Complaint, and, afterwards, Defendant Carroll brought the instant motion to dismiss. (Doc. No. 25.)

---

[3] For a fuller development of the allegations, procedural posture, and the law of this case, the Court refers the parties and others to this Court's prior orders and memoranda opinions. *See, e.g.*, Docs. Nos. 47, 54 & 56, and the filings associated with Defendant Captain Thomas Salcedo's motion to dismiss, including the order and memorandum opinion granting Salcedo the relief he sought and terminating him from this suit. *See supra* note 2.

3

### III. STANDARD OF REVIEW

The Defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a

defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). Generally, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

IV.   **ANALYSIS**

The Motion argues, and Plaintiffs do not contest, that only three of the counts in the Amended Complaint, i.e., (A) Count I – Section 1983 First Amendment Violations; (B) Count IV – Common Law Civil Conspiracy; and (C) Count XII – Misappropriation of Funds and Breach of Fiduciary Duty, apply to the Defendant, Phillip Carroll, and it further argues, on a variety of grounds, that each of the three counts against the Defendant should be dismissed for failure to state a claim. This opinion addresses each of Defendant's contentions in turn.

A.   COUNT I – SECTION 1983 FIRST AMENDMENT VIOLATIONS

Count I of the Amended Complaint alleges that Defendants, including Defendant Carroll, violated Plaintiffs' First Amendment free speech and freedom of association rights,

as secured by the Fourteenth Amendment and by Section 1983. (Doc. No. 9.) More specifically, with regard to Carroll, the Amended Complaint alleges: "Anthony Trezza, Captain John Carroll and Phillip Carroll told numerous officers, including [Plaintiffs Aiellos and Sybel], that if [they] did not vote for Clouse [for delegate to the Policemen's Benevolent Association (the "PBA")], [they] would be retaliated again." Amend. Compl. ¶¶ 41, 139. No other specific allegations of wrongdoing are made in regard to Carroll's connection to the Section 1983 claim, although it is generally alleged that he was part of the Zisa-Padilla led conspiracy.[4]

"In some cases, the First Amendment protects public employees from retaliation by their employer. Under 42 U.S.C. § 1983, public employees may sue to enforce that protection if (1) they spoke on a matter of public concern; (2) their interest in that field outweighs the government's concern with the effective and efficient fulfillment of its responsibilities to the public; (3) the speech caused the retaliation; and (4) the adverse employment decision would not have occurred but for the speech." *Fogarty v. Boles*, 121 F.3d 886, 888 (3d Cir. 1997). Assuming that Plaintiffs Aiellos and Sybell suffered an adverse employment decision in connection with their failure to vote for Clouse, still, plaintiffs make no allegation that Carroll was *himself* responsible for those adverse employment decisions. Thus, in these

---

[4] Plaintiffs also allege that Defendant Carroll misappropriated funds and breached his fiduciary duty in regard to PBA Local 9 and Fraternal Order of Police Lodge 16 funds. *See* Amend. Compl. 315-18. But these allegations do not specifically relate to Plaintiffs' Section 1983 First Amendment claim in Count I.

circumstances to is difficult to understand how Carroll might be liable under Section 1983. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[V]icarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's *own individual actions*, has violated [plaintiff's rights under] the Constitution [or under some federal statute or treaty]." (emphasis added)); *see also Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

In other cases, the courts have also held that threats (either where the threat is issued in retaliation for the exercise of prior protected First Amendment activities, or, more generally, absent retaliatory motive, but nevertheless intending to inhibit protected First Amendment activities going forward) are cognizable under Section 1983, even absent a completed adverse employment decision. *See Saxe v. State Coll. Area Sch. Dist.*, 240 F.3d 200, 208 (3d Cir. 2001) (noting in a Section 1983 suit alleging a First Amendment free speech violation that "a *supervisor's* statement 'sleep with me or you're fired' may be proscribed not on the ground of any expressive idea that the statement communicates, but rather because it facilitates the *threat* of discriminatory conduct" (emphasis added)), *rev'g*, 77 F. Supp. 2d 621 (M.D. Pa. 1999); *McClintock v. Eichelberger*, 169 F.3d 812, 819 (3d Cir. 1999) (explaining that under Supreme Court precedent the "*threat* of loss" of government employment or a government contract in retaliation for the exercise of protected First Amendment free expression rights is actionable under Section 1983 (emphasis added)); *cf. Aiellos v. Zisa*, Civil Action No. 2:09-3076, 2009 WL 3424190 (D.N.J. Oct. 20, 2009)

7

(Martini, J.) (holding that, in certain circumstances, threats are cognizable in a Section 1983 action), *reconsideration denied*, 2009 WL 3614453, (Nov. 2, 2009).[5] Still in those prior cases, it appears that liability hinged on the threat being credible such that it would deter a "person of ordinary firmness" from exercising his or her First Amendment rights. *O'Connor v. City of Newark*, 440 F.3d 125, 127-28 (3d Cir. 2006). In those cases, the defendant making the threat was a supervisor or a person having the power to constructively discharge (or demote, etc.) the plaintiff even if the defendant otherwise lacked formal supervisory authority. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 240 (3d Cir. 2006). Here, by contrast, Plaintiffs allege that Carroll is merely another line officer; he is not a sergeant, lieutenant, captain, or, even described as an internal affairs investigator. Amend. Compl. ¶ 22. Carroll's prediction as to future retaliation may have been plausible. It may have been intended (assuming it occurred at all) as a threat, but as *he* could make no adverse employment decisions in regard to defendants, this threat (assuming it occurred, and assuming it was a threat) is not cognizable under Section 1983.[6]

---

[5] *See also Elrod v. Burns*, 427 U.S. 347, 359 (1976) (plurality opinion) ("The *threat of dismissal* for failure to provide [support for the favored political party] unquestionably inhibits protected belief and association, and dismissal for failure to provide support only penalizes its exercise." (emphasis added)); 427 U.S. at 375 (Stewart, J., concurring in judgment) ("The single substantive question involved in this case is whether a nonpolicymaking, nonconfidential government employee can be *discharged or threatened with discharge* from a job that he is satisfactorily performing upon the sole ground of his political beliefs. I agree with the plurality that he cannot." (emphasis added)).

[6] The Court also notes that Plaintiffs fail to meaningfully respond to Carroll's argument that he can face no direct liability under Section 1983 absent his having supervising authority over Plaintiffs or the ability to retaliate against them. This constitutes waiver of the

8

B.        COUNT IV – CIVIL CONSPIRACY UNDER STATE LAW

First, Defendant argues that, under New Jersey law, a civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another ...." *Banco Popular N.A. v. Gandi*, 876 A.2d 253, 263 (N.J. 2005),[7] and that a plaintiff must allege facts "demonstrat[ing] the requisite agreement." Opening Brief 11. The Court agrees: in order to withstand the instant motion to dismiss, Plaintiffs must make some allegations tying this Defendant to the alleged Zisa-Padilla conspiracy which sought to extract by threats support and funds from HPD officers, and allegedly, where threats failed, retaliated against recalcitrant officers, thereby denying Plaintiffs their First Amendment Free Expression and Freedom of Association rights. Plaintiffs' barebones allegations even if read as a threat, rather than as a prediction, and even if proven by admissible evidence would not establish that Carroll was part of any conspiracy.

---

Section 1983 claim against Carroll. *Cf. United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) (per curiam) ("Judges are not like pigs, hunting for truffles buried in briefs."). A throw-away argument left undeveloped is waived. *Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived.").

[7] *Morgan v. Union County Bd. of Chosen Freeholders*, 633 A.2d 985, 999 (N.J. Super. Ct. App. Div. 1993) (noting that an element of civil conspiracy is "a single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences."); *cf. Kronfeld v. First Jersey Nat. Bank*, 638 F. Supp. 1454, 1469 (D.N.J. 1986) (holding, with respect to federal conspiracy law, "[t]he additional element of a conspiracy – an agreement between the alleged conspirator[s] [sic] – cannot be conclusionally pled. Specific facts of an agreement must be alleged.").

9

### C.  COUNT XII – MISAPPROPRIATION OF FUNDS AND BREACH OF FIDUCIARY DUTY

Plaintiffs allege that Defendant Carroll misappropriated funds and breached his fiduciary duty in regard to PBA Local 9 and Fraternal Order of Police Lodge 16 funds. At the outset the Court notes that Plaintiffs, qua individuals, do not have standing to assert a cause of action belonging to these organizations. It would appear that a cause of action for misappropriation of funds or breach of fiduciary duty belongs to the organization, not to their members. Members of corporations or unincorporated associations may derivatively assert a claim belonging to the organization, if the members comply with Federal Rule of Civil Procedure 23.1. Plaintiffs do not claim that they complied; indeed, they have claimed that their action is not a "derivative action" at all. Opposition Brief 11. This would seem to defeat their claim.[8] Instead, Plaintiffs argue that the two causes of action in Count XII support their Racketeer Influenced Corrupt Organizations Act ("RICO") claims in Counts II and III. This would appear to be a waiver of Count XII as an independent count or claim. Finally, the Court notes that Plaintiffs lack standing to assert a RICO claim as alleged in Count II. *See Aiellos v. Zisa*, Civil Action No. 2:09-3076, 2009 WL 3424190 (D.N.J. Oct. 20, 2009) (holding that, in certain circumstances, threats are cognizable in a Section 1983 action), *reconsideration denied*, 2009 WL 3614453, (Nov. 2, 2009).

---

[8] For this reason, the Court will also dismiss Count XII against Defendant Lloyd.

## V.        CONCLUSION

For the reasons elaborated above, the Court **GRANTS** Defendant Phillip Carroll's motion to dismiss. Carroll is terminated from this action.[9]

An appropriate Order accompanies this memorandum opinion.

s/ William J. Martini<br>
**William J. Martini, U.S.D.J.**

DATE: February 2, 2010

---

[9] *See supra* note 8.