## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **THOMAS AIELLOS,** *et al.*, | **Civil Action Number: 2:09-3076** |
| **Plaintiffs,** | (CONSOLIDATED) |
| **v.** | **OPINION** |
| **CHIEF C. KENNETH ZISA,** *et al.*, | **HON. WILLIAM J. MARTINI** |
| **Defendants.** |  |

## OPINION

### I.    INTRODUCTION

On June 24, 2009, Plaintiffs, current and former officers of the Hackensack Police Department ("HPD"), filed an eleven-count civil rights action against Defendant HPD Chief of Police, C. Kenneth Zisa, and others, alleging that the Defendants violated their constitutional rights. (Doc. No. 1.) On August 3, 2009, Plaintiffs filed a more detailed twelve-count Amended Complaint (Doc. No. 9) which has since become the operative complaint by order of the Court (Doc. No. 19). Since that time, additional complaints have been filed by other plaintiffs and their actions have been consolidated into a common civil action number (Civil Action No. 09-3076). On January 28, 2010, HPD Officers Jennifer Finley and Alberto Gutierrez filed one such complaint (the "Finley Complaint"), containing three counts, two of which were against Chief Zisa. Count I alleged that Zisa infringed Plaintiffs' constitutional rights. This was asserted as a civil rights action under Section 1983, and it is similar to the claims brought by other plaintiffs in this consolidated action. In addition, Count III, brought only by Plaintiff Gutierrez, alleged a claim of unjust enrichment against Zisa. Defendant Zisa filed a motion to dismiss Counts I and III (the "Motion") but later withdrew his motion to dismiss Count I.

Presently before the Court is Defendant Zisa's motion to dismiss Count III of the Finley Complaint. The Court, for the reasons elaborated below, will **GRANT in PART** Defendant C. Kenneth Zisa's motion to dismiss. Count III of the Finley Complaint will be **DISMISSED** without prejudice to refiling in state court.

## II.   FACTUAL BACKGROUND ALLEGED IN THE COMPLAINT

The gravamen of the Complaint is that the Hackensack Chief of Police, Defendant Zisa, engaged in a pattern of extortion, against other HPD officers, i.e., Plaintiffs, seeking, among other things, political donations to further Zisa's political career and the political career of those allied with them, including candidates for office within the Policemen's Benevolent Association ("PBA") of Hackensack. It is further alleged that those who were not allied with Zisa, including those officers who refused to donate to Zisa and his allies political campaigns, were subject to retaliation and threats of retaliation in violation of Plaintiffs' First Amendment free speech and freedom of association rights.

Specifically, the Finley Complaint alleged that in June of 2008 Defendant Zisa made it openly known that he wanted Detective Tina Clouse to win the PBA delegate election. Moreover, Zisa made it clear that all HPD officers must vote for Clouse as a demonstration of their loyalty to him, and those who did not would be retaliated against in the workplace by demotions and undesirable transfers. When Plaintiffs Finely and Gutierrez failed to show their ballots to a Zisa confidant as proof they had voted for Clouse, Plaintiffs were transferred and demoted from their prestigious positions in the Special Investigation Division and the Narcotics Division, respectively, to the less desirable Patrol Division. Furthermore, Plaintiffs claimed they were retaliated against for their support of (and association with) HPD officers who were litigants in other civil actions brought against Zisa.

In addition, the Finley Complaint stated that in 2006 Defendant Zisa used his position as Chief of Police to coerce Plaintiff Gutierrez into performing plumbing services for Zisa at his personal residence in Hackensack. The plumbing services included the installation of a sewer line, hot water heater, and other repairs. Plaintiff Gutierrez was not compensated for his labor or the cost of the materials needed to perform the repairs. He performed these services because he feared retaliation by Zisa in the form of demotions or undesirable transfers.

## III.   STANDARD OF REVIEW

The Defendant's motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to

state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus*., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV.   ANALYSIS

The Defendant's motion argues that the unjust enrichment claim, Count III, should be dismissed because the Court does not have supplemental jurisdiction over that claim. To establish supplemental jurisdiction, a claim must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367 (1990). The Supreme Court has laid out a three prong test to determine whether a federal and state claim can be considered as one case or controversy.

[1] The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. [2] The state and federal claims must derive from a common nucleus of operative fact. [3] But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). At issue in this case is prong two: the "common nucleus of operative fact."

Count III, an unjust enrichment claim under state law, is not within the supplemental jurisdiction of the Court because the action is not part of the same case or controversy, or the same nucleus of operative fact as the civil rights action, Count I, over which the Court has original jurisdiction. The two claims are based on different, rather than "common" facts. Count I is a civil rights action for retaliation based on alleged infringements of the Plaintiffs' First Amendment rights to freedom of speech and association. Count III is an extortion claim which alleges that Defendant Zisa used his position as Chief of Police to coerce Plaintiff Gutierrez into providing plumbing services without compensation. The cause of action in Count III is based on extortion, albeit retaliation was implicitly threatened, whereas the cause of action in Count I is centered on a civil rights violation in the form of actual retaliation.

More importantly, the claims in Counts I and III arose in different time periods which do not overlap. The facts in Count I, the civil rights action, occurred primarily in June of 2008, whereas the facts which gave rise to Count III, the unjust enrichment claim, occurred two years earlier in 2006. Counts I and III cannot be considered part of the same controversy, or to have arisen from a common nucleus of operative fact because they are based on two distinct causes of action and the time periods within which they accrued do not overlap.

The Defendant's motion does not dispute the timeliness of the Section 1983 civil rights action[1] in Count I. However, the motion does dispute the timeliness of Count III, the unjust enrichment claim. The statute of limitations period for a Section 1983 claim asserting personal injury is the same as the statute of limitations for a personal injury claim under state law in the state where the cause of action accrued. *Wilson v. Garcia*,

---

[1] The Court's original jurisdiction in the Finley Complaint is founded on a federal claim, a Section 1983 civil rights action. This Court does not have supplemental jurisdiction over Plaintiff's unjust enrichment claim simply because the Court has jurisdiction over a RICO claim in another complaint (with a longer statute of limitations) within the larger consolidated matter. A consolidation order does not create a single case for jurisdiction purposes. Each complaint must maintain an independent basis for subject matter jurisdiction, and it would appear that a similar rule applies in the context of supplemental jurisdiction. In re *Cmty. Bank N. Va.*, 418 F.3d 277, 298 (3d Cir. 2005); *see also Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); In re *Mass. Helicopter Airlines Inc.*, 469 F.2d 439, 441-42 (1st Cir. 1972).

471 U.S. 261 (1985); *see also Cito v. Bridgewater Tp. Police Dep't.*, 892 F.2d 23, 25 (3d Cir. 1989). In New Jersey, the statute of limitation for a personal injury claim is two years. *See* N.J.S.A. 2A:14-2. It follows that the two year limitations period applies to Plaintiff's Section 1983 claim. *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006).

The unjust enrichment claim is not part of the Court's supplemental jurisdiction because all the facts of the unjust enrichment claim predate that part of the Section 1983 civil rights claim which is cognizable after taking into account the two year statute of limitations applicable to the Section 1983 claim. The events which gave rise to Count I occurred in June 2008 and the Finley Complaint alleging that claim was filed in January of 2010, within the two year limitations period. The events from which the unjust enrichment claim arose occurred in 2006, roughly two years before the events surrounding Count I and four years before the Finley Complaint was filed. As explained, the limitations period on Section 1983 civil rights actions allows for a two year time frame in which a civil rights claim may be brought. The unjust enrichment claim accrued in 2006, well prior to the two year period cognizable for the Section 1983 civil rights claim. It would appear that just as the two year limitations period bars any Section 1983 claim prior to 2008, it would also bar any state law claim founded on supplemental jurisdiction if the operative facts giving rise to the state law claim are outside of the limitations period applicable to the federal claim giving rise to the court's original jurisdiction. In other words, if the statute of limitations is valuable enough to apply to the federal claim, the claim giving rise to the Court's original jurisdiction, it is also valuable enough to apply to the state law claim. The exercise of supplemental jurisdiction over Count III would not promote the important social interests of accuracy, fairness, and repose which statutes of limitations seek to protect. *Cf. Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 466, 452-53 (7th Cir. 1990).

## V.     CONCLUSION

For the reasons elaborated above, the Court **GRANTS in PART** Defendant C. Kenneth Zisa's motion to dismiss. Count III of the Finley Complaint is **DISMISSED** without prejudice to refilling in state court.

An appropriate order accompanies this memorandum opinion.

s/ William J. Martini

**DATE: June 17, 2010**                    **William J. Martini, U.S.D.J.**

5