UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS AIELLOS**, *et al.*,<br><br>       Plaintiffs,<br><br>  v.<br><br>**CHIEF C. KENNETH ZISA**, *et al.*,<br><br>       Defendants. | Civ. No. 2:09-cv-03076 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This case is one of seven related actions alleging that there was extensive corruption in the Hackensack Police Department lead by former Chief of Police Kenneth Zisa. The original Complaint in this action was filed on June 24, 2009. Since that time, the parties to these cases have filed countless motions, have attended dozens of status conferences, and have engaged in substantial discovery. As of December 20, 2012, the majority of the plaintiffs had settled their cases. The four remaining plaintiffs ― Thomas Aiellos, Vincent Riotto, Donald Pierce, and Scott Sybel ("Plaintiffs") ― filed a Second Amended Complaint, consolidating all of their remaining claims into one pleading on one docket. This matter comes before the Court on a motion to dismiss the Second Amended Complaint filed by Defendant Tomas Padilla. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Padilla's motion to dismiss is **DENIED**.

    **I.**    **BACKGROUND**

      The crux of the Second Amended Complaint for all four remaining Plaintiffs is that they were retaliated against by Zisa, Padilla, and others within the Hackensack Police Department for the exercise of their First Amendment rights. Specifically, Plaintiffs allege that they were forced to contribute to and support the political campaigns of Zisa and Padilla, pressured to maintain financial support for these campaigns, and that they faced retaliation when they refused to do so. In addition, Plaintiff Riotto alleges that Zisa, Padilla, and others suspended him and then refused to provide him with a disciplinary hearing until a year and a half after his suspension. *See* SAC ¶¶ 240-42, 352-53. Riotto further alleges that, when he sought reinstatement one year after his suspension, Padilla refused to allow him to return to work. *Id.*

The original Complaint in this action was filed on June 24, 2009, and the Amended Complaint was filed on August 3, 2009. Thereafter, Padilla moved to dismiss all four counts of the Amended Complaint that were directed at him. On October 20, 2009, this Court entered an Opinion and Order finding that the RICO and misappropriation claims should be dismissed, and that the First Amendment and conspiracy claims should go forward. ECF No. 47. The Second Amended Complaint was filed on December 20, 2012. ECF No. 290. Padilla again moves to dismiss.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

## III.   DISCUSSION

The Second Amended Complaint asserts five causes of action against Padilla:

(1) Count I:  Violation of the First Amendment under 42 U.S.C. § 1983;
(2) Count III:  Conspiracy (all Plaintiffs);
(3) Count IX:  Violation of the Fourteenth Amendment under 42 U.S.C. § 1983;
(4) Count X:  Conspiracy (Riotto); and
(5) Count XI:  Violation of the New Jersey Civil Rights Act ("NJCRA").

Padilla moves to dismiss all five counts. The Court will address the First Amendment claim (Count I), the Fourteenth Amendment claim (Count IX), the conspiracy claims

(Counts III and X), and then the NJCRA claim (Count XI).  The Court will be brief, as many of the issues raised by Padilla have already been decided by the Court.

### A.  The First Amendment Claim (Count I)

Padilla moves to dismiss Plaintiffs' First Amendment claims, arguing that Plaintiffs failed to set forth specific facts with respect to Padilla.  The Court has already decided this exact issue.  When Padilla moved to dismiss the Amended Complaint, he made substantially the same arguments.  In a detailed opinion, the Court found that (1) Plaintiffs had stated a valid free speech claim against Padilla under Section 1983, and that (2) Plaintiffs had stated a valid freedom of association claim against Padilla under Section 1983.  *Aiellos v. Zisa*, No. 09-3076, 2009 WL 3424190, at *3-7 (D.N.J. Oct. 20, 2009) ("Plaintiffs [argue] that their Amended Complaint alleges specific well-pled facts which, if proven, would establish that Padilla — himself — took or threatened to take retaliatory adverse actions.  The Court agrees.").  The Second Amended Complaint contains the exact same allegations that the Court found sufficient in the Amended Complaint.  Because this issue was already thoroughly addressed by the Court, Padilla's motion to dismiss Count I is **DENIED**.

### B.  The Fourteenth Amendment Claim (Count IX)

In Count IX, Plaintiff Riotto asserts a claim for violation of his procedural due process rights.  Padilla moves to dismiss.  The Court finds that the motion to dismiss Count IX should be denied.

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law."  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (internal quotations omitted).  The allegations in the Second Amended Complaint support both elements.

<u>First</u>, Riotto was deprived of a property interest.  Riotto had a protected property interest in his employment with the Hackensack Police Department.  *See Kelly v. Borough of Sayreville, N.J.*, 107 F.3d 1073, 1077 (3d Cir. 1997) (It is "unquestionably correct . . . that public employees may enjoy constitutionally protected property rights in their employment"); *Citta v. Borough of Seaside Park*, No. 09-865, 2010 WL 3862561, at *26 (D.N.J. Sept. 27, 2010) ("[I]t is clear that Plaintiff had a property interest in his position as a police officer").  Riotto's suspension from his position thus constituted a deprivation of property.  *See Skrutski v. Marut*, 288 F. App'x 803, 808 (3d Cir. 2008) (where state police corporal was suspended, "there is no question [that the corporal] has established a requisite deprivation of property").

Second, the procedures available to Riotto did not provide him with due process of law. The due process clause typically requires the government to provide a hearing before an initial deprivation of property. *See Fed. Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 240 (1988); *Gilbert v. Homar*, 520 U.S. 924, 932 (1997). In certain "limited cases," the government may postpone the hearing until after the initial deprivation. *Fed. Deposit Ins. Corp.*, 486 U.S. at 240. However, the Supreme Court has repeatedly held that any post-deprivation hearing must take place promptly. *See Gilbert*, 520 U.S. at 932 (a "suspended employee [must] receive[] a sufficiently prompt post-suspension hearing"); *Barry v. Barchi*, 443 U.S. 55, 64 (1979) ("the State is entitled to impose an interim suspension, pending a prompt judicial or administrative hearing that would definitely determine the issues"). In this case, the Second Amended Complaint alleges that Padilla and Zisa denied Riotto a post-suspension hearing for ***a year and a half***. *See* SAC ¶¶ 240-42, 352-53. When Riotto sought reinstatement one year after his suspension, Padilla refused to allow Riotto to return to work and still did not provide Riotto with a hearing. *Id.* These allegations are more than sufficient to show that Padilla deprived Riotto of his due process rights.[1]

Accordingly, Padilla's motion to dismiss Count IX is **DENIED**.

### C. The Conspiracy Claims (Counts III and X)

In Counts III and X, Plaintiffs assert conspiracy claims (Count III is a conspiracy claim asserted by all Plaintiffs, while Count X is specific to Plaintiff Riotto). The Court has twice decided that the conspiracy claims in this case were well-pled. *See Aiellos v. Zisa*, No. 09-3076, 2009 WL 3424190, at *9 (D.N.J. Oct. 20, 2009) ("Padilla's challenge to the conspiracy count fails"); *Aiellos v. Zisa*, No. 2:09-3076, 2010 WL 421084, at *3 (D.N.J. Feb. 2, 2010) ("The Court will not dismiss the civil conspiracy claim against Salcedo at this time"). As the Court has previously explained, Plaintiffs have properly "allege[d] that Zisa, Padilla, and others conspired to violate Plaintiffs' First Amendment free speech and freedom of association rights." *Aiellos*, 2009 WL 3424190, at *9. The Court similarly finds that Plaintiffs have properly alleged that Zisa, Padilla, and others conspired to violate Riotto's due process rights. Accordingly, Padilla's motion to dismiss Counts III and X is **DENIED**.

### D. The NJCRA Claim (Count XI)

In Count XI, Plaintiffs assert a claim for violation of the NJCRA. "Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983." *Stroby v. Egg Harbor Twp.*, 754 F. Supp. 2d 716, 721 n.5 (D.N.J. 2010); *Chapman v. N.J.*, No. 08-4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009).

---

[1] Riotto also argues that the Judge at his disciplinary hearing was biased. This argument was already rejected by the Court. *See Lee v. Padilla*, No. 2:11-1463, 2011 WL 3475480, at *4 (D.N.J. Aug. 9, 2011).

4

Because the Court finds that Plaintiffs have stated valid claims under Section 1983, the Court likewise finds that Plaintiffs have stated a valid claim under the NJCRA. Accordingly, Padilla's motion to dismiss Count XI is **DENIED**.

## IV.   CONCLUSION

For the reasons stated above, Padilla's motion to dismiss is **DENIED**.  An appropriate order follows.

                                         /s/ William J. Martini
                                   **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 6, 2013**